Attorneys for Plaintiff

| | | |
|---|---|---|
| Vernon Francis | Mary Catherine Roper | Kimberly D. Borland |
| Michelle Hart Yeary | American Civil Liberties | Borland & Borland, LLP |
| Kate O'Keefe | Foundation of Pennsylvania | 11th Floor |
| Dechert LP | P.O. Box 40008 | 69 Public Square |
| Cira Centre | Philadelphia, PA  19106 | Wilkes-Barre, PA  18701 |
| 2929 Arch St. | | |
| Philadelphia, PA 19104 | | |

Attorney for Defendants
John G. Dean
Debbie Simon
Mark Bufalino
Elliot Greenleaf & Dean
39 Public Square, Suite 1000
Wilkes-Barre, PA 18701

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AL FLORA, JR., | CIVIL ACTION |
| Plaintiff, | Case No.: 3:13-cv-1049 |
| v. | Judge Malachy E. Mannion |
| LUZERNE COUNTY and ROBERT C. LAWTON, COUNTY MANAGER, in his official capacity, | |
| Defendants. | |

## JOINT CASE MANAGEMENT PLAN

Instructions: In many cases there will be more parties in the action than there are spaces provided in this form. Each party shall provide all requested information. If the space on this form is not sufficient, the form should be retyped and or additional pages attached.

No party may submit a separate Case Management Plan. Disagreements among parties with respect to any of the matters below shall be set forth in the appropriate section.

Having complied with the meet and confer requirements set forth in the LOCAL RULES, or with any orders specifically modifying their application in the above-captioned matter, the parties hereby submit the following Joint Case Management Plan.

**1.     Principal Issues**

   **1.1   Separately for each party, please give a statement summarizing this case:**

   **By plaintiffs:** In 2010 Plaintiff was appointed Acting Chief Public Defender for Luzerne County. He seeks reinstatement to his position in light of the Defendants' decision to remove him because of his efforts to secure desperately needed funding for the Luzerne County Office of Public Defender ("OPD") and to enforce the rights of OPD clients. On April 17, 2013, Defendants wrongfully replaced Plaintiff as Chief Public Defender in retaliation for his exercise of his constitutional rights and to prevent him from using the state courts to obtain reforms necessary to bring the OPD into compliance with constitutional standards. The removal of Plaintiff Flora from his position as Chief Public Defender in retaliation for advocating for the resources OPD needs to provide competent representation, including his decision to pursue legal remedies, violates his rights under the First and Fourteenth Amendments to the United States Constitution as made actionable against Defendants pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983, constitutes wrongful discharge under Pennsylvania law, and violates the Pennsylvania Whistleblower Law.

**By defendants:**

Plaintiff filed this action claiming a violation of his First Amendment rights pursuant to 42 U.S.C. §1983. Specifically, Plaintiff claims the termination of his employment was in retaliation for filing a state court mandamus action seeking funding for the County Office of Public Defender and reinstatement to the position of Chief Public Defender. Alternatively, Plaintiff claims he was terminated for complaining that certain juvenile records were not promptly expunged pursuant to Court Order.

Defendants contend that Plaintiff's claim will ultimately fail because Plaintiff will be unable to prove requisite elements of a claim for First Amendment retaliation. All of Plaintiff's expressions were made in his official capacity as the County's acting part-time Chief Public Defender and not as a citizen and, therefore, are not protected by the First Amendment. Additionally, Plaintiff only held the position of acting part-time Chief Public Defender, a permanent full-time replacement had been selected before his termination. Further, following the appointment of Attorney Stephen Greenwald as the new full-time Chief Public Defender, Plaintiff, who remained continuously employed as part-time acting Chief Public Defender until his discharge, embarked upon a campaign of subverting the transition of Attorney Greenwald into his position as Chief Public Defender, pressured other assistant public defenders into frustrating the operations of the OPD as well as Attorney Greenwald's responsibilities. Additionally, in the waning hours of Plaintiff's role as the County's Acting Chief Public Defender, Plaintiff clandestinely seized and reassigned all of Attorney Greenwald's case files. Only thereafter, as a result of Plaintiff's attempt to undermine County Council's action and to discredit its appointee, did Plaintiff force Mr. Lawton to terminate Plaintiff's employment as a part-time attorney in the OPD.

**1.2   The facts the parties dispute are as follows:**

a.    Whether any evidence exists to suggest that Defendant Lawton's decision to terminate Plaintiff had any relationship to the previously filed lawsuit or alleged whistleblowing activity.

b.    Whether Plaintiff engaged in conduct that warranted his dismissal.

c.    Whether Plaintiff's actions in the state court lawsuit involved his discharge of his duties as acting Chief Public Defender and accordingly are outside the protection of the First Amendment.

d.    Whether Plaintiff can establish a causal link between his termination and protected First Amendment activity.

e. Whether Plaintiff's conduct in conjunction with the discharge of his duties poorly reflected on his qualification to hold the office of Chief Public Defender.

f. Whether filing a lawsuit or alleged whistleblowing had or would have any bearing upon Defendant Lawton's discharge of his duties as County Manager and would be the basis of any decision he might make with respect to Plaintiff's continued employment.

**agree** upon are as follows:

a. Plaintiff Flora was appointed part-time Acting Chief Public Defender in June 2010.

b. Luzerne County was undergoing a change in its form of government during 2011.

c. Luzerne County began operating under a Home Rule Charter on January 1, 2012.

d. Under the new Home Rule Charter, the day-to-day operations of County government became the responsibility of the County Manager.

e. Under the transition provisions leading up to Home Rule, Luzerne County advertised for the position of County Manager in the fall of 2011.

f. The Luzerne County Council did not formally approve the hiring of its permanent County Manager, Defendant Lawton, until January 28, 2012.

g. Defendant Lawton did not commence his employment as County Manager until February 23, 2012.

h. The parties agree that on April 10, 2012 Mr. Flora filed a mandamus action seeking to compel Defendants to act. Mr. Flora was terminated on April 17, 2013, during the pendency of that litigation.

i. On April 22, 2013, Plaintiff filed this action purporting to assert a First Amendment retaliation claim pursuant to 42 U.S.C. § 1983 and state law

claims of wrongful termination and violation of Pennsylvania's Whistleblower Act ("the Whistleblower Act").

  j. On March 10, 2014, this Court issued its opinion and order granting the County Defendants' motion to dismiss Plaintiff's First Amendment retaliation claim.

  k. This Court also declined to exercise its supplemental jurisdiction over Plaintiff's wrongful discharge and whistleblower claim ("Plaintiff's state law claims").

  l. On April 9, 2014, Plaintiff filed his praecipe to transfer this matter from the District Court to the Luzerne County Court of Common Pleas pursuant to 42 Pa.C.S.A. § 5103(b).

  m. The Parties previously discussed that Plaintiff's state law Whistleblower Act and Wrongful Termination claims currently pending in the Luzerne County Court of Common Pleas would be transferred back to this Court.

### 1.3 The legal issues the parties dispute are as follows:

  a. Whether Defendants' decision to replace Plaintiff as Chief Public Defender constituted retaliation as defined by 42 U.S.C. §1983.

  b. Whether Plaintiff's activity in question was protected.

  c. Whether Plaintiff's protected activity was a substantial or motivating factor in the alleged retaliatory action.

  d. Would the County and Mr. Lawton have taken the adverse employment action regardless of whether the employee had engaged in protected conduct.

  e. Whether Plaintiff has alleged a cognizable injury.

  f. Whether Plaintiff could meet the causal requirements of a claim for

damages.

g. Whether, by operation of law and under the parties' stipulation, Plaintiff can assert a claim based upon the appointment of Stephen Greenwald as full-time Chief Public Defender.

h. Whether Plaintiff's comments were encompassed by the First Amendment.

i. Whether the balance of harm favors Defendants.

j. Whether Plaintiff's suit is futile insofar as the Court cannot award the relief he is seeking (relief in order to obtain standing to continue the mandamus action).

**agree upon are as follows:**

The parties agree that jurisdiction and venue are proper in this Court.

**1.4    Identify any unresolved issues as to service of process, personal jurisdiction, subject matter jurisdiction, or venue:**

None.

**1.5    Identify any named parties that have not yet been served:**

None.

**1.6    Identify any additional parties that:**

**Plaintiff intends to join:**

None at this time.  Plaintiff reserves the right to add additional defendants based upon facts learned in discovery.

**Defendants intend to join:**

None

**1.7** Identify any additional claims that:

**Plaintiff intends to add:**

Plaintiff does not intend to add any other claims at this time. However, investigation is continuing, and Plaintiff reserves the right to add additional claims as permitted by the rules.
The parties have agreed that the state law claims which were included in the original federal complaint herein and which were transferred to the Luzerne County Court of Common Pleas should be rejoined to this federal action. A written stipulation will follow.

**Defendant intends to add:**

None

**2.0 Disclosures**

**The undersigned counsel certify that they will make the initial disclosures required by Federal Rule of Civil Procedure 26(a)(1) or that they will do so within the time provided by that rule.**

**2.1** Separately for each party, list by <u>name and title/position</u> each person whose identity has been disclosed.

By Plaintiff:

| | |
|---|---|
| Al Flora, Jr. | Chief Public Defender |
| Robert Lawton | County Manager |
| Rick Morelli | County Councilor |

| | |
|---|---|
| Andrew Check | Former Director of Human Resources |
| Stefanie Salavantis | District Attorney |
| Michael Shucosky | Court Administrator |
| Stephen Greenwald | Chief Public Defender |
| Demetrius Fannick | First Ass't Public Defender |
| Cheryl Sobieski-Reedy | Assistant Public Defender |
| Thomas Pribula | County Manager |
| Edward Brominski | County Councilor |
| James Bobeck | County Councilor |
| Judge Arthur Grim | Berks County Court of Common Pleas |

All other staff of the Public Defender's Office at the relevant time periods

All members of the Luzerne County Bench at the relevant time periods

By Defendants:

| | |
|---|---|
| Robert Lawton | County Manager |
| Andrew Check | Former Director of Human Resources |
| Stefanie Salavantis | District Attorney |
| James Bobeck | Luzerne County Council |
| Michael Shucosky | Court Administrator |
| Stephen Greenwald | Chief Public Defender |

      Demetrius Fannick      First Ass't Public Defender

      John Donovan      Assistant Public Defender

      Cheryl Sobieski-Reedy      Assistant Public Defender

      Vito DeLuca      County Solicitor

      Honorable Joseph VanJura Member of interview panel

      Other members of Interview Panel

**3.0    Early Motions**

      **Identify any motion(s) whose early resolution would <u>likely</u> have a significant effect either on the scope of discovery or other aspects of the litigation:**

      Defendants intend to file a motion for summary judgment upon the close of discovery.

**4.0    Discovery**

      **4.1    Briefly describe any discovery that has been completed or is in progress:**
          **By plaintiff(s):**

None.

          **By defendant(s):**

None.

      **4.2    Describe any <u>discovery</u> that all parties agree should be conducted, indicating for each discovery undertaking its purpose or what kinds of information will be developed through it (e.g. "plaintiff will depose Mr. Jones, defendant's controller, to learn what**

> **defendant's revenue recognition policies were and how they were applied to the kinds of contracts in this case"):**

By Plaintiff:

    (1) <u>Document Requests</u>
Plaintiff will request documents concerning (1) Luzerne County's policies and procedures regarding hiring and termination of public defenders and Chief Public Defenders; (2) the decision to terminate Al Flora as Chief Public Defender; (3) staffing and budgeting for the Luzerne County Public Defenders' Office; (4) policies and procedures for the assignment of cases and/or decisions to decline representation; (5) requests by Al Flora and others for additional staffing, money, training, equipment and/or resources; (6) the personnel records of Al Flora and Steven Greenwald; (7) caseloads and workloads of employees of the Office of Public Defender; (8) training of employees of the Office of Public Defender; (9) termination or resignation of employees of the Office of Public Defender; (10) claims of ineffective assistance of counsel or disciplinary complaints brought against employees of the Office of Public Defender; (11) the general operations of the Office of Public Defender; (12) policies, procedures, guidance, standards, or protocols created, disseminated, or implemented in the Office of Public Defender, amongst other topics.

    (2) <u>Interrogatories</u>
Plaintiff will serve interrogatories to learn, for example, the identity of any potential witnesses, the Defendants' roles and responsibilities in the termination of Al Flora, and the factual basis for Defendants' contentions, amongst other topics.

    (3) <u>Depositions</u>
Plaintiff will need to depose the Defendants in this matter; individuals involved in the decision to terminate and/or replace Al Flora (including County Commissioners); individuals with knowledge regarding the staffing and budgeting of the Office of Public Defender; and other witnesses who emerge during the course of discovery.

By Defendants:

Defendants will seek discovery related to all legal and factual issues in dispute, including but not limited to, origins of state court lawsuit and to relationship between claims in that lawsuit and discharge of Plaintiff's duties.

Defendants will require discovery related to plaintiff's performance and as to his actions leading up to the termination.

**4.3    Describe any <u>discovery</u> that one or more parties want(s) to conduct but to which another party objects, indicating for each such discovery undertaking its purpose or what kinds of information would be developed through it:**

Defendants will seek discovery related to initiation and actions of Plaintiff in conjunction with state court lawsuit, including communications undertaken in his official capacity with counsel and the expert.  Defendants take the position that communications are not subject to attorney-client privilege on the theory that plaintiff, as an individual, was not the client and cannot assert the privilege. Defendants expect that Plaintiff will assert the privilege.

**4.4    Identify any <u>subject area limitations on discovery</u> that one or more parties would like imposed, at the first stage of or throughout the litigation:**

None at this time.

**4.5    For each of the following discovery tools, <u>recommend the per-party or per-side limitation</u> (specify a number) that should be fixed, subject to later modification by stipulation or court order on an appropriate showing (where the parties cannot agree, set forth separately the limits recommended by plaintiff(s) and by defendant(s)):**

**4.5.1 depositions (excluding experts) to be taken by:**

Plaintiff:   15         Defendants:   15

**4.5.2 interrogatories to be served by:**

Plaintiff:   30         Defendants:   30

   **4.5.3 document production requests to be served by:**

    Plaintiff:  _30_     Defendants: _30_

   **4.5.4 requests for admission to be served by:**

    Plaintiff:  _25_     Defendants: _25_

 **4.6**  **Discovery of Electronically Stored Information**

  **Counsel certify that they have conferred about the matters addressed in M.D. Pa. LR 26.1 and that they are in agreement about how those matters will be addressed in discovery.**

  Counsel agree that electronic discovery issues will be managed as they have done heretofore in related matters.

  **Counsel certify that they have conferred about the matters addressed in M.D. Pa. LR 26.1 and that they are in agreement about how those matters will be addressed in discovery with the following exceptions:**

  N/A

**5.0**  **Protective Order**

 **5.1**  If entry of a protective order is sought, attach to this statement a copy of the proposed order.  Include a statement justifying the propriety of such a protective order under existing Third Circuit precedent.

 **5.2**   If there is a dispute about whether a protective order should be entered, or about certain terms of the proposed order, briefly summarize each party's position below:

Plaintiff is not requesting entry of a protective order.

**6.0**  **Scheduling**

**6.1**   **Final date for joining additional parties:**

   May 1, 2015     Plaintiff

   May 2, 2015     Defendants

**6.2**   **Final date for amending pleadings:**

   May 1, 2015     Plaintiff

   May 1, 2015     Defendants

**6.3**   **All fact discovery commenced in time to be completed by:**

August 31, 2015

**6.4**   **All potential dispositive motions should be filed by:**

November 1, 2015

**6.5**   **Reports from retained experts due:**

**from Plaintiff by:**       August 15, 2015

**from Defendant(s) by:**    September 15, 2015

**6.6**   **Supplementations (replies/rebuttals) due:**  October 1, 2015

**6.7**   **All expert discovery commenced in time to be completed by:**

   October 15, 2015

**6.8**   **This case may be appropriate for trial in approximately:**

   ___    240 Days from the filing of the action in this court

   ___    365 Days from the filing of the action in this court

    ___    Days from the filing of the action in this court

    ___    February 2016

**6.9    Suggested Date for the final Pretrial Conference**

January 2016  (month/year)

**6.10   Trial**

**6.10.1 Suggested Date for Trial**

February 2016  (month/year)

**7.0    Certification of Settlement Authority (All Parties Shall Complete the Certification)**

For the Plaintiff:

I hereby certify that the following individual(s) have settlement authority.

Al Flora, Jr.
Name

Plaintiff
Title

33 West South Street
Wilkes-Barre, PA 18701

Daytime Telephone

570-825-6592

For the Defendants:

Robert Lawton
Luzerne County Manager
County Courthouse

Wilkes-Barre, PA

**8.0 Alternative Dispute Resolution ("ADR")**

    **8.1 Identify any ADR procedure to which this case already has been assigned or which the parties have agreed to use.**

        ADR procedure _____
        Date ADR to be commenced_____
        Date ADR to be completed_____

    **8.2 If the parties have been unable to agree on an ADR procedure, but one or more parties believe that the case is appropriate for such a procedure, identify the party or parties that recommend ADR and the specific ADR process recommended.**

        Plaintiff would be willing to participate in a settlement conference at the close of discovery.

    **8.3 If all parties share the view that no ADR procedure should be used in this case, set forth the basis for that view:**

**9.0 Consent to Jurisdiction by a Magistrate Judge**

Indicate whether all parties agree, pursuant to 28 U.S.C. § 636(c)(1), to have a magistrate judge preside as the judge of the case with appeal lying to the United States Court of Appeals for the Third Circuit:

All parties agree to jurisdiction by a magistrate judge of this court:

    \_\_ Y        _X_ N

If parties agree to proceed before a magistrate judge, please indicate below which location is desired for the proceedings:

    \_\_Scranton/Wilkes-Barre
    \_\_Harrisburg

- 16 -

## 10.0 Other Matters

Make any other suggestions for the case development process, settlement, or trial that may be useful or necessary to the efficient and just resolution of the dispute.

## 11.0 Identification of Counsel

Counsel shall be registered users of the court's Electronic Case Files System (ECF) and shall file documents electronically in accordance with the Local Rules of Court and the Standing Order RE: Electronic Case Filing Policies and Procedures. Electronic filing is required unless good cause is shown to the Chief Judge why counsel cannot comply with this policy. Any request for waiver of electronic filing must be filed with the Clerk's Office prior to the case management conferred. The Chief Judge may grant or deny such request.

Identify by name, address, and telephone number lead counsel for each party. Also please indicate ECF User status below.

/s/ Kimberly D. Borland, Esquire
Kimberly D. Borland, Esquire
BORLAND & BORLAND, LLP
11th Floor
69 Public Square
Wilkes-Barre, PA 18701
570-822-3311

Witold J. Walczak
AMERICAN CIVIL LIBERTIES FOUNDATION OF PENNSYLVANIA
313 Atwood Street
Pittsburgh, PA 15213
412.681.7736

Mary Catherine Roper

Molly Tack-Hooper
AMERICAN CIVIL LIBERTIES FOUNDATION OF
PENNSYLVANIA
P.O. Box 40008
Philadelphia, PA 19106
215.592.1513 x116

David Rudovsky
KAIRYS, RUDOVSKY, MESSING & FEINBERG, LLP
718 Arch Street, Suite 501S
Philadelphia, PA 19106
215-925-4400

Vernon L. Francis
Michelle Hart Yeary
Kate O'Keefe
DECHERT LLP
Cira Centre
2929 Arch Street
Philadelphia, PA 19104
(215) 994-2577

    Attorneys for Plaintiff
X    ECF User(s)
O    Waiver requested (as separate document)
O    Fed. R. Civ. P. 7.1 (statement filed if necessary)*

Dated: <u>February 18, 2015</u>

    <u>/s/ John G. Dean, Esquire             </u>
John G. Dean, Esquire
Debbie Simon, Esquire
Mark Bufalino, Esquire
Elliot Greenleaf & Dean
39 Public Square, Suite 1000
Wilkes-Barre, PA 18701
Attorneys for Defendants

ECF User(s) jgd@elliottgreenleaf.com; dhs@elliottgreenleaf.com; mwb@elliottgreenleaf.com
- O  ECF User
- O  Waiver requested (as separate document)
- O  Fed. R. Civ. P. 7.1 (statement filed if necessary)*


* Fed. R. Civ. P. 7.1 requires a nongovernmental corporate party to file a statement with the initial pleading, first entry of appearance, etc., that identifies any parent corporation and any publicly held corporation that owns 10% or more of its stock, or state there is no such corporation.